# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAGMATUS MOBILE, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 14-436-LPS |
| AMAZON.COM, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| PRAGMATUS MOBILE, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 14-440-LPS |
| LENOVO HOLDING COMPANY INC., et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **17th** day of **June, 2015**:

Having reviewed the parties' filings related to Defendants Amazon.com, Inc., Lenovo (United States) Inc., and Lenovo Holding Co., Inc.'s (collectively, the "Moving Defendants") motion to stay litigation (C.A. No. 14-436 D.I. 50; C.A. No. 14-440 D.I. 52) pending *inter partes* review ("IPR") ("Motion") of U.S. Patent No. 8,466,795 (the "'795 patent") by the Patent Trial and Appeal Board ("PTAB") and the corresponding filings (C.A. No. 14-436 D.I. 51, 53, 59; C.A. No. 14-440 D.I. 53, 63, 66),

**IT IS HEREBY ORDERED** that, for the reasons stated below, Moving Defendants' Motion is **DENIED WITHOUT PREJUDICE**.

1. Moving Defendants seek a stay of proceedings pending IPR of the '795 patent by the PTAB. (C.A. No. 14-436 D.I. 50; C.A. No. 14-440 D.I. 52) The PTAB has not instituted the IPR petition. (*See* D.I. 53 at 1)[1] Given the filing date, the PTAB is statutorily required to decide whether to institute the IPR petition by October 22, 2015. (*See* D.I. 51 at 4)

2. The Court typically considers three factors when deciding whether to stay litigation pending IPR: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *1 (D. Del. July 2, 2013).

3. As to the first factor, the Court finds that Moving Defendants' delay in petitioning for IPR could create at least some tactical disadvantage for Plaintiff Pragmatus Mobile, LLC ("Plaintiff") and a stay may unduly prejudice Plaintiff. While Plaintiff's status as a non-practicing entity reduces the prejudice it would suffer from a stay (*see* D.I. 59 at 1), there remains a potential for undue prejudice. The timing of Moving Defendants' filing suggests they may be seeking a tactical advantage, given they were aware of the prior art asserted in their IPR petition many months before filing the petition just three days before the statutory deadline. (*See* D.I. 53 at 4)

4. The second factor, whether a stay will simplify the issues, disfavors a stay at this time. As noted, the IPR petition has not been instituted. Generally, "the 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the

---

[1] All docket citations hereinafter are to C.A. No. 14-436 unless otherwise specified.

petition for inter partes review." *Freeny v. Apple Inc.*, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014). Moving Defendants may renew their Motion if and when their petition is instituted, and the simplification factor may be evaluated differently at that time.

5. Finally, considering the status of discovery and whether a trial date has been set, the Court observes that a trial date has been set for September 12, 2016 (around the same time as the IPR petition may be finally decided) and the parties have substantially completed document production, exchanged invalidity and infringement contentions, and commenced claim construction briefing in preparation for a *Markman* hearing scheduled for August. (*See* D.I. 53 at 14) Final infringement contentions are due in late October, shortly after the PTAB's deadline for deciding whether to institute the petition. (D.I. 27 at 6) At this time, the Court finds that this third factor weighs against granting a stay.

6. Weighing the pertinent factors, the Court concludes that they do not favor granting the requested stay. Accordingly, Moving Defendants' motion to stay litigation (C.A. No. 14-436 D.I. 50; C.A. No. 14-440 D.I. 52) is **DENIED WITHOUT PREJUDICE**.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE